**Your Missouri Courts**

.net

Search for Cases by: Select Search Method... ▾

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess **Logoff GBALLEW4450**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

FV

**Click here to eFile on Case**                              Sort Date Entries: ● Descending ○        Display Options:
**Click here to Respond to Selected Documents**                               Ascending              All Entries ▾

---

**01/05/2022**   ☐ **Judge/Clerk - Note**
              DIVISION CARD, WOULDN'T LET CLERK PRORATE CASE

              ☐ **Summons Issued-Circuit**
              Document ID: 22-SMCC-12, for TRIUMPH FOODS, LLC.

              ☐ **Trial Setting Scheduled**
                 **Scheduled For:** 04/05/2022;  9:00 AM ;  KATE H SCHAEFER;  Buchanan


**12/30/2021**   ☐ **Judge Assigned**

              ☐ **Filing Info Sheet eFiling**
                 **Filed By:** THOMAS MICHAEL AHLBRANDT

              ☐ **Pet Filed in Circuit Ct**
              Petition for Damages; Exhibit A - Notice of Right to Sue Letter.
                 **Filed By:** THOMAS MICHAEL AHLBRANDT
                 **On Behalf Of:** JOSHUA NYAUNDI

---

Case.net Version 5.14.44                    Return to Top of Page                    Released 12/22/2021

EXHIBIT
A

Electronically Filed - Buchanan - December 30, 2021 - 02:54 PM

### IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI

| | | |
|---|---|---|
| JOSHUA NYAUNDI, | ) | |
| | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | |
| | ) | Case No. |
| **TRIUMPH FOODS, LLC**, | ) | |
| | ) | Division |
| | ) | |
| Serve Registered Agent: | ) | |
| Kevin Wedeking | ) | |
| 5302 Stockyards Expressway | ) | |
| St. Joseph, MO 64504 | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| **Defendant** | ) | |

### PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff Joshua Nyaundi by and through his attorney of record, Thomas

Ahlbrandt of The Ahlbrandt Law Firm, LLC, and for his causes of action against Triumph

Foods, LLC states and alleges as follows:

### GENERAL ALLEGATIONS

1.      The claims in this Petition arise out of Plaintiff's employment relationship with

Defendant.

2.      The unlawful conduct alleged herein occurred at Plaintiff's place of employment,

which is located at 5302 Stockyards Expressway, St. Joseph, MO 64504.

3.      In violation of the Missouri Human Rights Act ("MHRA") RSMo. § 213.010 *et.*

*seq*., and 42. U.S.C. § 1981, Plaintiff was subjected to unlawful discrimination and retaliation.

1

4.      Plaintiff is an African-American male of Kenyan national origin and ancestry who at all relevant times resided in Buchanan County, MO.

5.      Defendant Triumph Foods, LLC is a Missouri domestic limited liability company with its principal place of business at 5302 Stockyards Expressway, St. Joseph, Missouri 64504.

6.      Jurisdiction and venue over the parties is proper because the conduct described herein occurred in Buchanan County, Missouri at Defendant's places of business.

7.      At all relevant times, Defendant employed more than six individuals and is therefore an employer within the meaning of RSMo. § 213.010 *et. seq.*

8.      This action arises under the MHRA, RSMo. § 213.010 *et. seq.*

9.      Plaintiff has exhausted his administrative remedies and received a Notice of Right to Sue Letter from the Missouri Commission on Human Rights dated October 5, 2021. A true and accurate copy of the notice is attached hereto as Exhibit A and incorporated herein by reference.

10.      Jurisdiction is invoked pursuant to RSMo. § 213.010 *et. seq.*

## STATEMENT OF FACTS

11.      Plaintiff was employed as an at-will employee of Defendant from April 21, 2010 through early November 2020.

12.      Plaintiff's most recent job title at Triumph Foods, LLC was Kill Floor Assistant General Supervisor.

13.      Plaintiff was experienced in this role and had an exemplary work history.

2

14. Shortly before his employment was terminated, Plaintiff was informed by then-General Manager Clay Swan, that he would be promoted to General Supervisor.

15. Due to unrelated circumstances, Mr. Swan retired early, before Plaintiff's promotion was complete.

16. Julio Sanchez replaced Mr. Swan as General Manager, he immediately began discriminating against Plaintiff on the basis of Plaintiff's race and national origin.

17. Mr. Sanchez blocked Plaintiff's promotion and instead promoted a less-qualified individual who was not African-American or of Kenyan national origin: Jorge Rara. Mr. Rara had never even worked on the kill floor while Plaintiff had many years of experience.

18. Mr. Rara and Mr. Sanchez are both Hispanic and both speak Spanish. Plaintiff does not speak Spanish.

19. At about the same time, a Hispanic employee named Murcia Leicester began acting in an intimidating and hostile manner toward Plaintiff.

20. Plaintiff complained about the conduct to his supervisors, but nothing was done.

21. On November 7, 2020, Plaintiff reported his claims of race and national origin discrimination to the appropriate individuals at Triumph Foods, describing the aforementioned conduct and opposing it.

22. Just three days later, on November 10, 2020, two employees that Plaintiff was responsible for supervising became involved in a workplace altercation. Plaintiff was not able to intervene in time and by the time he arrived, the employees had separated.

3

Electronically Filed - Buchanan - December 30, 2021 - 02:54 PM

23.     Plaintiff addressed the closest of the two employees, telling him to switch rails. This employee reacted angrily, grabbing Plaintiff by the neck and threatening to punch Plaintiff. Plaintiff simply tried to defend himself from the aggression by attempting to hold the employee back.

24.     That same day, Plaintiff's employment was summarily terminated. There was no meaningful investigation. Plaintiff was informed that his employment had been terminated for fighting.

25.     Defendant did not follow its own policies and procedures in investigating the claims surrounding Plaintiff's termination of employment.

26.     Plaintiff was treated in a disparate manner from similarly situated non African-American employees and/or employees not of Kenyan national origin.

27.     Defendant's termination of Plaintiff's employment was discriminatory on the basis of his race and national origin and was retaliatory in nature.

28.     After Plaintiff's employment with Defendant was terminated, Plaintiff made diligent efforts to obtain new employment.

29.     As a result of Defendant's conduct, Plaintiff has suffered harm and damage in the form of emotional distress, loss of income, and lost opportunities for advancement from the time of his termination and continuing.

4

## COUNT I: MHRA NATIONAL ORIGIN DISCRIMINATION

For his cause of action against Defendant Triumph Foods, LLC under Count I of this Petition for Damages, Plaintiff states and alleges as follows:

30.     Plaintiff realleges and incorporates paragraphs 1 – 30 of the above Petition into Count I as if fully stated herein, and additionally states the following in support of Count I.

31.     Plaintiff is of Kenyan national origin and ancestry. He is a member of a protected group pursuant to RSMo. 213.010, *et. seq*.

32.     Defendant's actions as discussed above, constitute national origin discrimination in violation of the MHRA.

33.     Plaintiff was subjected to discriminatory conduct by Defendant, which were made on the basis of his national origin.

34.     Plaintiff's termination and the investigation of claims against him were discriminatory in nature on the basis of his national origin.

35.     Plaintiff's national origin was the motivating factor in Defendant's decision to terminate Plaintiff's employment.

36.     Defendant's actions were undertaken maliciously or in reckless disregard for Plaintiff's right to be free from discrimination.

37.     Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination.

5

Electronically Filed - Buchanan - December 30, 2021 - 02:54 PM

## COUNT II: MHRA RACE DISCRIMINATION

For his cause of action against Defendant Triumph Foods, LLC under Count II of this Petition for Damages, Plaintiff states and alleges as follows:

38.     Plaintiff realleges and incorporates paragraphs 1 – 38 of the above Petition into Count II as if fully stated herein, and additionally states the following in support of Count II.

39.     Plaintiff is African-American. He is a member of a protected group pursuant to RSMo. 213.010, *et. seq*.

40.     Defendant's actions as discussed above, constitute race discrimination in violation of the MHRA.

41.     Plaintiff was subjected to discriminatory conduct by Defendant, which were made on the basis of his race.

42.     Plaintiff's termination and the investigation of claims against him were discriminatory in nature on the basis of his race.

43.     Plaintiff's race was the motivating factor in Defendant's decision to terminate Plaintiff's employment.

44.     Defendant's actions were undertaken maliciously or in reckless disregard for Plaintiff's right to be free from discrimination.

45.     Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination.

## COUNT III: MHRA RETALIATION

For his cause of action against Defendant Triumph Foods, LLC under Count III of this Petition for Damages, Plaintiff states and alleges as follows:

46.     Plaintiff realleges and incorporates paragraphs 1 – 46 of the above Petition into Count III as if fully stated herein, and additionally states the following in support of Count III.

47.     Plaintiff engaged in protected activity under the MHRA when he complained of race and national origin discrimination.

48.     Defendant took adverse employment actions against Plaintiff in violation of the MHRA.

49.     Plaintiff's complaints relating to race and national origin were all or part of the reasons for Defendant's adverse employment actions against him.

50.     Defendant's actions were undertaken maliciously or in reckless disregard for Plaintiff's right to be free from discrimination.

51.     Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination.

## COUNT IV: MHRA HOSTILE WORK ENVIRONMENT

For his cause of action against Defendant Triumph Foods, LLC under Count IV of this Petition for Damages, Plaintiff states and alleges as follows:

52.    Plaintiff realleges and incorporates paragraphs 1 – 52 of the above Petition into Count IV as if fully stated herein, and additionally states the following in support of Count IV.

53.    Plaintiff was subjected to unwelcome harassment that was severe and pervasive, creating a hostile work environment, including tangible employment actions by his supervisor for failing to promote Plaintiff and failing to investigate complaints.

54.    Plaintiff's race and/or national origin was all or part of the reason for the hostile work environment.

55.    Defendant's unwelcome harassment affected the terms, conditions, and privileges of Plaintiff's employment.

56.    Defendant knew or should have known of the harassment and failed to respond with appropriate remedial action.

57.    Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

58.    Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination.

**COUNT V: DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

For his cause of action against Defendant Triumph Foods, LLC under Count V of this Petition for Damages, Plaintiff states and alleges as follows:

59.     Plaintiff realleges and incorporates paragraphs 1 – 59 of the above Petition into Count V as if fully stated herein, and additionally states the following in support of Count V.

60.     Plaintiff was an African-American employee of Defendant and maintained a contractual relationship through at-will employment.

61.     At all times relevant, Defendant was an employer subject to 42 U.S.C. § 1981.

62.     Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 1981 through its actions, policies, behavior, and treatment toward Plaintiff.

63.     Plaintiff's race was the motivating factor in the discriminatory treatment by Defendant.

64.     Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

65.     Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination.

## COUNT VI: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

For his cause of action against Defendant Triumph Foods, LLC under Count VI of this Petition for Damages, Plaintiff states and alleges as follows:

66.     Plaintiff realleges and incorporates paragraphs 1 – 66 of the above Petition into Count VI as if fully stated herein, and additionally states the following in support of Count VI.

67.     Plaintiff engaged in protected activity when he complained of race discrimination.

9

68.     Defendant took adverse employment action against Plaintiff in violation of 42 U.S.C. § 1981.

69.     Plaintiff's complaints relating to race was a motivating factor in Defendant's adverse employment action and discriminatory conduct against him.

70.     Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

71.     Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant on each previously enumerated count and claim and prays this Honorable Court to declare the conduct engaged in by Defendant to be a violation of Plaintiff's rights, and to Order the following:

a. enjoin Defendants from engaging in such conduct;

b. award Plaintiff equitable relief of back pay, and if appropriate and applicable, front pay;

c. award Plaintiff compensatory, punitive, and liquidated damages;

d. award Plaintiff damages for pain and suffering;

e. award Plaintiff his costs and attorney's fees; and

f. grant such other relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

72.     Plaintiff demands a jury trial on all counts so triable.


Respectfully submitted,

*Thomas M. Ahlbrandt*
Thomas M. Ahlbrandt, MO#67797
The Ahlbrandt Law Firm, LLC
9237 Ward Parkway, Suite 100
Kansas City, MO 64114
T: (816) 490-6301
tom@ahlbrandtlaw.com
**Attorney for Plaintiff**

11



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIC **22BU-CC00035**
## MISSOURI COMMISSION ON HUMAN RIGHTS

Electronically Filed - Buchanan - December 30, 2021 - 02:54 PM

| | | | |
|---|---|---|---|
| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **DEREK M. HOLLAND**<br>COMMISSION CHAIR | **ALISA WARREN, PH.D.**<br>EXECUTIVE DIRECTOR |

Joshua Nyaundi
4518 Gene Field Road
Saint Joseph, MO 64506
*Via Complainant Attorney Email*

### NOTICE OF RIGHT TO SUE

RE:   Joshua Nyaundi vs. TRIUMPH FOODS
      E-02/21-52714  28E-2021-00333C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.                                October 5, 2021
Executive Director                                 Date

C:      additional contacts listed on next page

| ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|
| **JEFFERSON CITY OFFICE**<br>421 E. DUNKLIN STREET<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | **ST. LOUIS OFFICE**<br>111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | **KANSAS CITY OFFICE**<br>P.O. BOX 1129<br>JEFFERSON CITY, 65102-1129<br>FAX: 816-889-3582 | **SIKESTON OFFICE**<br>106 ARTHUR STREET, SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights       E-Mail: mchr@labor.mo.gov

Electronically Filed - Buchanan - December 30, 2021 - 02:54 PM

RE:     Joshua Nyaundi vs. TRIUMPH FOODS
        E-02/21-52714  28E-2021-00333C


TRIUMPH FOODS
5302 Stockyards Expressway
Saint Joseph, MO 64506
*Via Respondent Contact Email*

Gregory D. Ballew
FISHER & PHILLIPS LLP
4900 Main Street, Suite 650
Kansas City, MO 64112
*Via Email*

Thomas M. Ahlbrandt
THE AHLBRANDT LAW FIRM, LLC
800 E. 101st Terrace, Suite 350
Kansas City, MO 64131
*Via Email*



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| Judge or Division:<br>KATE H SCHAEFER | Case Number: 22BU-CC00035 |
|---|---|
| Plaintiff/Petitioner:<br>JOSHUA NYAUNDI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS MICHAEL AHLBRANDT<br>7057 CEDAR ST<br>PRAIRIE VILLAGE, KS 66208 |
| Defendant/Respondent:<br> TRIUMPH FOODS, LLC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | **STATUS REVIEW HEARING DATE SET**<br>**FOR 04-05-2022 IN DIVISION 1 AT 9:00AM**              (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **TRIUMPH FOODS, LLC**
                    **Alias:**

**SERVE RA: KEVIN WEDEKING**
**5302 STOCKYARDS EXPRESSWAY**
**ST. JOSEPH, MO 64504**

*COURT SEAL OF*

*BUCHANAN COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____1/5/2022_____                    _____/S/  K. SAVAGE_____
Date                                                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. JOSEPH), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____         _____
Date                                                  Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-12    1 of 1 (22BU-CC00035)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:22-cv-06005-DGK   Document 1-1   Filed 01/07/22   Page 15 of 17

# CASE # 22BU-CC0008S

## Plaintiff (Petitioner)

## Joshua NYAUNDI

### vs

## Defendant (Respondent)

## Triumph Foods LLC

-DGK   Document 1-1   Filed 01/0

Div. 1