IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOSHUA NYAUNDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:22-cv-06005-DGK |
| | ) | |
| TRIUMPH FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO FOR INJUNCTIVE RELIEF

Now before the Court is Defendant's Motion for Injunctive Relief requesting the Court order Plaintiff not to directly contact Defendant. ECF No. 30. Defendant alleges Plaintiff sent identical menacing text messages to three of its managers—Clay Swan, Brent Lambright, and Julio Sanchez—on Saturday, November 5, 2022, appeared on Defendant's property the morning of November 7, 2022, and has a history of attempting to contact its employees directly during this litigation. Defendant asks the Court to enter an order barring Plaintiff from communicating directly with any of Triumph's current managers, engaging in any intimidating, threatening, or harassing conduct or communications toward any of Triumph's managers or their representatives in this litigation, and entering onto Triumph's property at 5302 Stockyards Expressway, St. Joseph, Missouri, including its parking lot. Defendant further requests that the Court order Plaintiff to pay Defendant's attorneys' fees incurred in preparing this motion.

For the following reasons, the motion is GRANTED IN PART.

The text message at issue, sent to each of the above managers from phone number +1 (816) 261-8863, reads as follows:

> Of all we forget that there is some one above here who powerfull,created everyone
> Clay is health and strong at his age because he stands for the right for every one
> Brent I ask God to forgive you,but never again allow what happened to me to happen to anyone else,always stand for the truth and God will continue blessing you and your family
> Motgerfucker Julio Sanchez and [redacted by Defendant] Rara, God will punish them even before the law comes for them ,the families he made them suffer ,believe my God sooner Julio will be diagnosed and no day will he get out of hospital ,God is who just watch this place
> But if God not have punished him by thenMOTHERFUCKER, I still stick to what I said on beginning YOU WILL NOT CHASE US TO EXPECT TO STAY TRIUMPHFOODS, NEVER
> If Triumphfoods will not terminate you in 10 months bitch,I will do my self,you can fuck you mother or else but it will never happen
> The idiot who fucks upstairs, having sex with the supervisor,,he fuckiing dirt bitch
> Rare thinks he is the one knows to be used to terminate people, haha my friend!!!°°

Def.'s Mot. for Inj. Relief, Ex. A, ECF No. 30 (formatting and spelling errors in the original). Defendant cites no evidence, however, that this phone number is registered to Defendant or is otherwise linked to Defendant. Defendant also alleges that Plaintiff has sent other text messages from other phone numbers, and when its employees block the number, Plaintiff simply obtains a new phone or new number and continues to send text messages. *Id.* at 4. Attached to Defendant's motion is a declaration from Clay Swan who avers that he believes Plaintiff is the person sending these messages, but the declaration cites no admissible evidence supporting his belief. *Id.* at Ex. 1.

The Court rules as follows. While portions of the message could be dismissed as borderline incoherent rambling, a portion of it appears to be genuinely threatening. For instance, "But if God

2

not have punished him by thenMOTHERFUCKER, I still stick to what I said on beginning . . . If Triumphfoods will not terminate you in 10 months bitch,I will do my self[.]" *Id.* at Ex. A.

Although Plaintiff denies he sent the message, given all the facts and circumstances—even on the admittedly limited record here[1]—the Court concludes Plaintiff did send the above text message for the following reasons. First, Defendant previously filed a motion complaining of direct contact by Plaintiff which essentially corroborates the allegations in the pending motion. That motion, filed in March 2022, makes detailed allegations of inappropriate contact by Plaintiff on numerous occasions during this litigation.[2] Def.'s Emergency Mot. for Protective Order, ECF No. 7. And attached to that motion are two emails Plaintiff sent directly to Defense counsel: the emails discuss details of this litigation only Plaintiff or his attorney would know; the emails were sent from "jnyaundi88@gmail.com"; the emails contain a signature block identifying "Joshua Nyaundi" as the sender, and included in the second email is an admission that "I did not again go through my attorney because . . . ." *Id*. at Exs. 3, 5. Thus, it appears Plaintiff has previously contacted Defendant directly. Second, in August 2022, Plaintiff's counsel moved to withdraw in part because "Plaintiff insists upon taking action that [he] has a fundamental disagreement [with]," intimating Plaintiff will not listen to his advice to cease contacting the opposing party directly. In

---

[1] Much of the evidence cited by Defendant is speculative or not admissible.

[2] Defense counsel contacted Plaintiff's counsel on the following occasions with allegations of inappropriate contact: March 30, 2021 (alleging Plaintiff directly contacted management, approached employees on company property "to engage them in conversation about his prior employment and pending legal matters", and "visited the residence of one member of management and left an item on his vehicle"); July 16, 2021 ("PLEASE IMMDIATELY [sic] ADVISE YOUR CLIENT, MR. NYAUNDI, THAT HE IS NOT TO ENTER TRIUMPH PROPERTY FOR ANY REASON, INCLUDING TO DROP OFF HIS WIFE."); July 16, 2021 ("Mr. Nyaundi is continuing to approach and communicate with Triumph employees and is now making threatening statements, including by not limited to, 'If you see Julio Sanchez, let him know I will get him' and 'If you see Julio tell him that I am going to find that fucking Mexican.'"); July 23, 2021 (forwarding an email Plaintiff sent to Defense counsel stating, "I Am aware am supposed to write to you, through my attorney, but today I feel to write directly to you for only today and I apologize . . . ."); August 12, 2021 (asking if Plaintiff's counsel still represents Plaintiff and requesting the attorneys talk); September 11, 2021 (email from Plaintiff to Defense counsel); November 22, 2021 (stating Plaintiff is still sending text messages to employees); and December 6, 2021 (same). Def.'s Emergency Mot. for Protective Order, Exs. 1-6, ECF No. 7.

3

Plaintiff's response to Defendant's prior motion, his attorney implicitly acknowledged that his client had contacted Defendant's employees directly, but argued that his client was not intentionally violating the Court's rules about such contact because his client "has limited understanding of the court and its procedure." Suggestions in Opp'n to Def.'s Emergency Mot. for Protective Order, ECF No. 10. Third and most importantly, the Court notes that the November 5, 2022, text message is stylistically similar to the earlier emails sent by Plaintiff,[3] and the November 5 text message also references allegations that only Plaintiff and a few others would know.

The question is, what should the Court do? Given the threat in the text message, Defendant's concerns are probably better directed to local law enforcement or raised in a separate trespass action filed in state court. The Court's jurisdiction over Plaintiff is limited to this case. That said, while this case is pending, the Court can regulate Plaintiff's behavior vis-à-vis the other litigants under its inherent authority, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *see also Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993), and the Court finds he has been contacting Defendant's managerial employees directly.

Accordingly, the Court ORDERS Plaintiff to immediately cease contacting, emailing, harassing, threatening, or otherwise communicating directly with any of Defendant's managers, representatives, or employees. All contact on behalf of Plaintiff shall be made only through his attorney. Additionally, Plaintiff shall not enter the premises of Defendant's property for any reason. This includes the parking lot. Defendant's request for attorneys' fees is taken under advisement.

---

[3] For instance, Plaintiff types, "The only threat I can practise [sic] is through the rule of law" and "Let him carry his cross[.]" Def.'s Emergency Mot. for Protective Order, Ex. 3.

4

The Court warns Plaintiff that if he violates this Order, he shall be subject to sanctions including, but not limited to, being placed in contempt of court, dismissal of his case with prejudice, and having to pay some or all of Defendant's legal fees in this case.

Finally, the Court orders Plaintiff's counsel to file a certification with the Court on or before November 25, 2022, that he has notified Plaintiff of this order.

Defendant's motion is GRANTED IN PART.

**IT IS SO ORDERED.**

Date:  November 14, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT