# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JOSHUA NYAUNDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:22-cv-06005-DGK |
| | ) | |
| TRIUMPH FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND APPOINT COUNSEL

On May 25, 2023, the Court granted Defendant's motion for summary judgment on all counts, ECF No. 62, and entered judgment in Defendant's favor, ECF No. 63. On June 26, 2023, the Court granted Plaintiff counsel's motion to withdraw as counsel and consequentially extended Plaintiff's deadline to file any objections to Defendant's proposed bill of costs.[1] ECF No. 65. Plaintiff's objections to the proposed bill of costs, if any, are currently due on or before July 31, 2023. Now before the Court is Plaintiff's pro se[2] motion titled "Plaintiff Joshua"s [sic] Declaration" which seeks to vacate the Court's prior judgment and appoint counsel.[3] ECF No. 66.

### I. Plaintiff's motion to vacate is denied.

Plaintiff requests the Court vacate its order and judgment granting summary judgment. Although Plaintiff's motion makes no reference to a procedural rule allowing the Court to vacate

---

[1] On June 15, 2023, Defendant filed a proposed bill of costs in the amount of $5,170.73. ECF No. 64. Plaintiff has not filed any objections to date.

[2] Plaintiff had an attorney at the outset of this case and through the Court's ruling on the summary judgment motion. On June 26, 2023, the Court granted Plaintiff Counsel's motion to withdraw after Plaintiff elected to terminate his representation. ECF No. 65.

[3] Defendant requests the Court deny the motion and enter sanctions against Plaintiff for the fees incurred in responding to the motion. *See* Df.'s Sugg. in Opp'n. at 4, ECF No. 69. The Court declines to enter sanctions at this time. However, sanctions may be warranted later depending on the merits and/or frivolous nature of any future filings.

its judgment, courts review motions for relief from judgment under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). But because Plaintiff missed the deadline to file a Rule 59(e) motion, the Court will not evaluate whether Rule 59(e) relief is appropriate. *See* Fed. R. Civ. P. 59(e) (stating "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). Instead, the Court focuses only on Rule 60(b).[4]

### 1. Rule 60(b)

Rule 60(b) allows a Court to grant relief if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b)(1)–(6). The motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c). This is "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted). District courts have "wide discretion in ruling on a Rule 60(b) motion, and [appellate courts] will only reverse for a clear abuse of discretion." *Id.*

Here, Plaintiff's motion resembles a Rule 60(b)(3) motion, as he argues Defendant has been lying, misrepresenting facts, and presenting false documents to the Court. In order to prevail under Rule 60(b)(3), Plaintiff "must show with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly

---

[4] And in the unlikely event Plaintiff's motion is rather an attempt to *appeal* the Court's Order granting summary judgment, the request is denied, as Plaintiff missed the deadline to appeal. *See* Fed. R. App. P. 4(a)(1)(A) (requiring notice of appeal be filed within 30 days after entry of judgment in civil cases).

presenting [his] case." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (internal quotation marks omitted). Plaintiff has not met this burden.

Throughout his motion, Plaintiff states various exhibits in the parties' summary judgment briefing are either forgeries or contain factual misrepresentations. Most of Plaintiff's allegations are confusing and, at times, it is even unclear which exhibits Plaintiff refers to.[5] *See* Mot. at 2–3. Plaintiff's allegations are speculative; he has not presented clear and convincing evidence to support his motion, and the Court finds no other reasons justifying relief. *See* Fed. R. Civ. P. 60(b)(6). Even assuming Plaintiff's allegations are true, they are immaterial to the award of summary judgment.[6] *See Harley v. Zoesch*, 413 F.3d 866, 871–72 (8th Cir. 2005) (finding district court properly denied Rule 60(b) motion because the arguments therein did not alter the court's analysis in its first decision).

At bottom, Plaintiff wishes to reargue the merits of his claim, which is insufficient to grant relief under Rule 60(b). *See Broadway*, 193 F.3d at 990 (A Rule 60(b) motion "is not a vehicle for simple reargument on the merits."). Thus, Plaintiff's motion to vacate is DENIED.

**II.     Plaintiff's motion to appoint counsel is denied.**

Plaintiff's request for counsel is also DENIED. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the decision to appoint counsel in a particular case lies within the discretion of the district court. *See Rayes v. Johnson*, 969 F.2d 700, 702 (8th Cir. 1992).

---

[5] That is, all exhibits Plaintiff cites as "Exhibit ___." There are no exhibits attached to Plaintiff's motion.

[6] For instance, Plaintiff claims document 56-1 pg. 104 is forged because "I went through random testing the whole year and I remember all the nurses that conducted the testing , [sic] they used enter data in the document." Mot. at 3. The page Plaintiff refers to is a "Return to Work Under Substance Abuse Probation Form." The form is signed by Plaintiff and dated November 12, 2018, but contains no random drug testing results. However, Plaintiff's medical testing was not at issue in this case. *See* ECF No. 56-1 at 104.

3

In *Rayes*, the Eighth Circuit set forth a number of factors to be considered by the district court in deciding whether or not to appoint counsel. Those factors include, without limitation: (1) whether the claim is frivolous or malicious; (2) whether the pleadings state a prima facie case; (3) the plaintiff's inability to obtain counsel; and (4) the plaintiff's need for an attorney. *Id.* at 703. In focusing on the plaintiff's need for an attorney, the district court evaluates several factors, including: (1) whether the plaintiff and/or the Court would benefit from the appointment, (2) the plaintiff's ability to investigate the relevant facts and to present his claim, (3) the existence of conflicting testimony, and (4) the complexity of the facts and the legal issues presented. *Id.*

Plaintiff does not articulate exactly what he needs counsel for.[7] *See* Mot. at 4. If Plaintiff wants counsel to aid in his motion to vacate, the request is DENIED AS MOOT given the Court's ruling above. *See, e.g.*, *Blanck v. F.B.I.*, 2009 WL 961952, at *2 (E.D. Wis. Apr. 6, 2009) (finding motion to appoint counsel moot in part because plaintiff's Rule 59 motion was denied and the case remained closed); *Leal v. Sinclair Broad. Grp.*, 2019 WL 13253482, at *4 (W.D. Tex. Apr. 16, 2019) (denying motion to appoint counsel after denying plaintiff's motion for reconsideration).

Alternatively, if Plaintiff wants counsel in order to file objections to Defendant's proposed bill of costs, the request is DENIED at this time. Plaintiff has not undertaken any effort to secure counsel on his own. *See Armour v. BCS*, No. 4:17-CV-00219-DGK, 2017 WL 11450231, at *2 (W.D. Mo. Apr. 18, 2017) (declining to appoint counsel "in the absence of some initial effort" by plaintiff to secure counsel on her own).

**IT IS SO ORDERED.**

Date: July 18, 2023             /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT

---

[7] As an aside, it is unclear whether Plaintiff is indigent. While he filed an application to proceed without prepaying fees or costs, ECF No. 67, he did not fill out the document or sign it.