IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JOSHUA NYAUNDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:22-cv-06005-DGK |
| | ) | |
| TRIUMPH FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

This case arises out of Plaintiff Joshua Nyaundi's former employment with Defendant Triumph Foods, LLC. On May 25, 2023, the Court granted Defendant's motion for summary judgment on all counts, ECF No. 62, and entered judgment in Defendant's favor, ECF No. 63. On July 18, 2023, the Court denied Plaintiff's pro se request to vacate the Court's judgment and appoint him counsel, finding Plaintiff was essentially attempting to relitigate his case. ECF No. 70.

Now before the Court is Plaintiff's Pro Se Motion for a Temporary Restraining Order. ECF No. 71. Plaintiff requests a temporary restraining order enjoining Defendant from retaliating against and harassing him and his family and from intimidating him by giving false information to the police. Plaintiff also alleges Defendant has been lying to the Court and requests the Court order Defendant to produce the truthful documents and information it has been withholding. *Id.* at 2. Lastly, although not explicitly requested, it appears Plaintiff wants the Court to appoint him an attorney. *See* Sugg. in Support at 5, ECF No. 72 ("and I apologize,As [sic] I wait the court decision on the court appointed attorney").

After carefully reviewing the motion and the existing record, the motion is DENIED. Plaintiff has not met his burden for the Court to issue a temporary restraining order, and his other two requests—ordering Defendant to produce truthful documentation/information and appointing him an attorney—were already addressed (and denied) in the Court's prior order denying Plaintiff's motion to vacate and appoint counsel.

**Background**

The allegations in Plaintiff's motion and suggestions are vague and speculative. *See* Mot.; Sugg. in Support; Exhibits in Support, ECF No. 73. As best the Court can tell, Plaintiff alleges Defendant has placed police and individuals with cameras at employee drop-off and pick-up locations on its premises within the last week. At some unknown time, Defendant arrested Plaintiff's son after "fail[ing] to get [Plaintiff] at the premises." Mot. at 2. Nonetheless, Plaintiff was arrested a few hours later, spent 24 hours in jail, and was released pending further investigation. *Id.*

It is unclear where the above arrests took place and for what reason. It is worth mentioning, however, that the Court issued a protective order on November 14, 2022, after Plaintiff repeatedly failed to cease contacting Defendant during litigation. ECF No. 32. The Order explicitly stated "Plaintiff shall not enter the premises of Defendant's property for any reason. This includes the parking lot." *Id.* at 4. Two of Defendant's employees subsequently sought and received full orders of protection against Plaintiff in separate state court actions on November 22, 2022. *See* Df.'s Mot. to Dismiss, ECF No. 40-2.

Returning to the pending motion, Plaintiff also alleges (at another unknown point in time) his car was burned down at CVS after two individuals followed him for two weeks. Sugg. in Support at 1. Plaintiff believes these individuals where the ones who filed restraining orders against him in state court. *Id.*

**Standard for Issuance of a Temporary Restraining Order**

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted).

In determining whether to grant a temporary restraining order the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007) (citing *Dataphase Sys. Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). No single factor is determinative; they "must be balanced to determine whether they tilt towards or away from granting" the injunction. *Noodles Dev., LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007).

**Discussion**

I. **Plaintiff's request for a TRO is denied.**

A. **Plaintiff has not demonstrated a threat of irreparable harm.**

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See id.* at 1036–37. Irreparable harm must be certain and imminent such "that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996). Possible or speculative harm is not sufficient. *See Local Union No. 884, United Rubber, Cork, Linoleum, & Plastic Workers of Am. v. Bridgestone / Firestone, Inc.*, 61 F.3d 1347, 1355 (8th Cir. 1995). "Failure to show irreparable harm is an independently

3
Case 5:22-cv-06005-DGK   Document 74   Filed 07/26/23   Page 3 of 6

sufficient ground upon which to deny [a temporary restraining order]." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Here, Plaintiff states his concern that Defendant is retaliating against, harassing, and intimidating him and his family. Looking through the record, however, it remains unclear why Plaintiff and his son were arrested, who is responsible for burning Plaintiff's car, and whether Defendant is actually retaliating against, harassing, or intimidating Plaintiff. At this juncture, Plaintiff is merely speculating that Defendant is responsible for any perceived injury he may have, which is insufficient to demonstrate a threat of irreparable harm. Although this finding alone is enough to deny a temporary restraining order, the Court will analyze the remaining factors.

### B. Plaintiff has not shown the balance of harms favors issuing a TRO.

Plaintiff has not argued that any harm to him or his family exceeds any potential harm to Defendant. Because Plaintiff failed to meet his burden, the Court is not satisfied that the balance of harms favors issuing a temporary restraining order.

### C. Plaintiff has not shown a likelihood of success on the merits.

To demonstrate likelihood of success on the merits, a movant does not need to show that it will ultimately succeed on its claims, only that the movant's prospects for success is "at least . . . *sufficiently likely* to support the kind of relief it requests." *Noodles Dev.*, 507 F. Supp. 2d at 1034 (emphasis added) (quotation omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485 (quotation omitted).

Plaintiff has not argued that he will be successful on the merits. Again, nothing in the record suggests the arrests were illegal, that Defendant was responsible for burning Plaintiff's

4

Case 5:22-cv-06005-DGK   Document 74   Filed 07/26/23   Page 4 of 6

car, or that Defendant is retaliating against, harassing, or intimidating Plaintiff. And as explained in more detail below, Plaintiff's allegation that Defendant is lying to the Court is baseless.

### D. The public interest does not weigh in Plaintiff's favor.

The Court finds that to the degree the public interest is implicated here at all, it weighs in favor of allowing Defendant to monitor the activities and individuals present on its premises as it sees fit.

### E. Plaintiff has not carried his burden.

After balancing the four factors, the Court holds Plaintiff has not clearly shown entitlement to the extraordinary and drastic remedy of a temporary restraining order. *See Noodles Dev.*, 507 F. Supp. 2d at 1034. Thus, the request is DENIED.

## II. Plaintiff's request for Defendant to produce information is denied.

Plaintiff also requests the Court order Defendant to produce evidence of the various lies, misrepresentations, and false documents it has allegedly presented to the Court over the course of this litigation. *See* Mot. at 2; Sugg. in Support at 3–5. The evidence Plaintiff gives in support of his belief that Defendant is lying to the Court is largely duplicative of the reasons given in his earlier motion to vacate the Court's summary judgment order, which the Court denied. *Compare* Sugg. in Support at 3–5, *with* Mot. to Vacate at 2–4, ECF No. 66. The only difference between the two motions is that Defendant filed exhibits with the present motion.[1] After close review of the record, the request is DENIED for the same reasons set forth in the Court's Order Denying Plaintiff's Motion to Vacate and Appoint Counsel. *See* Order Denying Mot. to Vacate.

---

[1] Even with these exhibits, it still remains unclear which exhibits Plaintiff's motion refers to at times. And again, Plaintiff's allegations, even if true, are immaterial to the award of summary judgment. For instance, while Plaintiff asserts that the employee management handbook (wherein it states fighting is impermissible at work) was reuploaded later in time to avoid suspicion, *see* Sugg. in Support at 3, Plaintiff testified that throughout his employment he "understood that regardless of whether you're a manager or an employee in the production area, that, if you fought in the plant, that could result in your termination[.]" Order Granting Summ. J. at 8, ECF No. 62.

### III. Plaintiff's request for counsel is denied.

Lastly, Plaintiff's request for counsel is also DENIED for the same reasons set forth in the Court's Order Denying Plaintiff's Motion to Vacate and Appoint Counsel. *Id.* at 4, 4 n.6. Plaintiff has still not demonstrated any effort to secure counsel on his own and it remains unclear whether he is indigent.

### Conclusion

For the reasons stated above, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date:  July 26, 2023                  /s/ Greg Kays
                                                                       GREG KAYS, JUDGE
                                                                       UNITED STATES DISTRICT COURT