# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| JOSHUA NYAUNDI, | ) |
| Plaintiff, | ) |
| v. | ) No. 5:22-cv-06005-DGK |
| TRIUMPH FOODS, LLC, | ) |
| Defendant. | ) |

## **ORDER**

On May 25, 2023, the Court granted Defendant's motion for summary judgment on all counts, ECF No. 62, and entered judgment in Defendant's favor, ECF No. 63. Shortly thereafter, Plaintiff began filing numerous motions to vacate the Court's judgment, all of which were denied. *See* ECF Nos. 70 (denying Plaintiff's first pro se motion to vacate and appoint counsel on July 18, 2023); 74 (denying Plaintiff's pro se motion for a temporary restraining order on July 26, 2023); 76 (denying Plaintiff's second pro se motion to vacate on August 4, 2023). Plaintiff's efforts have not stopped to date.

Now before the Court are Plaintiff's eight pro se motions requesting the Court vacate its judgment and allow Plaintiff to relitigate his case. *See* ECF Nos. 77 (second motion to appoint counsel); 79 (motion for recusal); 80 (third motion to vacate); 82 (motion for leave to file supplemental memorandum in support of third motion to vacate); 85 (third motion to appoint counsel); 94 (motion for order editing judgment); 95 (motion to stay proceedings). Plaintiff has also filed six other documents outlining his position, albeit those were not filed as motions. *See* ECF Nos. 78, 91, 92, 93, 97, 98. The Court has already addressed these arguments in its previous Orders denying relief, ECF Nos. 70, 74, 76, and will not address them again.

Accordingly, Plaintiff's motions are summarily DENIED. Defendant's motion for leave to file a sur reply to Plaintiff's motion for recusal, ECF No. 86, is DENIED AS MOOT.

Plaintiff is warned that continuing to file frivolous motions in this case—i.e., motions to vacate the Court's judgment or to allow him to relitigate this case—may result in (1) the imposition of sanctions under Federal Rules of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority; or (2) restrictions on Plaintiff's filing privileges in this case. *See, e.g.*, *Carter v. Wasko*, No. 22-CV-04103-RAL, 2023 WL 4559498, at *7 (D.S.D. July 17, 2023) (explaining pro se plaintiffs are not insulated from Rule 11 sanctions); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991) (explaining inherent authority power); *Searcy v. Cent. Intel. Agency*, No. 21-CV-00530-DGK, 2022 WL 1036778, at *1 (W.D. Mo. Apr. 6, 2022) (explaining the Court's ability to restrict a pro se litigant's filing privileges).

**IT IS SO ORDERED.**

Date:   February 1, 2024           /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT