# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| JOSHUA NYAUNDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:22-cv-06005-DGK |
| ) | |
| TRIUMPH FOODS, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER DETERMINING COSTS

On May 25, 2023, the Court granted Defendant's motion for summary judgment on all counts. ECF No. 62. Now before the Court is Defendant's proposed bill of costs in the amount of $5,170.73. ECF No. 64 (filed June 16, 2023). The Court sua sponte extended Plaintiff's deadline to file objections to the proposed bill of costs by thirty days given Plaintiff's pro se status, ECF No. 65, but Plaintiff did not respond or otherwise object by the deadline. For the following reasons, the Court awards Defendant $5,170.73 in costs.

### Standard

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "district court has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987); *see Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."). But the "prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (quotation omitted).

28 U.S.C. § 1920 identifies six expenses that may be taxed as costs, including two that are at issues here: (1) "Fees of the clerk and marshal;" and (2) "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." § 1920(1)–(2). The Court's power to tax costs is limited to the items enumerated in the statute. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). "Although 'costs' has an everyday meaning synonymous with 'expenses,'" taxable costs "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.* When a district court denies a claim for costs, it must specify its reasons for doing so. *Thompson*, 472 F.3d at 517.

## Discussion

Defendant argues it is entitled to the $402.00 filling fee for the removal of the case to federal court, $3,463.73 for six deposition transcripts (including two of Plaintiff's depositions), and $1,305.00 for a videotaped version of one of Plaintiff's depositions.

Because filing fees are recoverable under § 1920, Defendant is entitled to the $402.00 removal fee. *See Roberson v. AFC Enters., Inc.*, No. 08-0078-CV-W-DGK, 2010 WL 11508448, at *1 (W.D. Mo. June 9, 2010).

In determining whether deposition transcript costs are compensable under § 1920, the relevant question is not whether the depositions were used to decide the summary judgment motion, but whether they "reasonably seemed necessary at the time they were taken." *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). To be compensable, the transcripts must be "necessary for use in the case" and "not obtained primarily for the convenience of the parties." *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985). The Eight Circuit permits taxation of "costs for both printed and electronically recorded transcripts *of the same deposition* as long as each transcript was 'necessarily obtained for use in [the] case.'" *See*

*Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465 (8th Cir. 2015) (emphasis added) (quotation omitted); *Cleek v. Ameristar Casino Kansas City, LLC*, No. 4:21-CV-00027-DGK, 2021 WL 5867648, at *2 (W.D. Mo. Dec. 10, 2021). Considering the case was determined at the summary judgment stage, it appears the depositions were reasonably necessary at the time they were taken. While the necessity of the videotaped version of Plaintiff's deposition is a closer call, Plaintiff does not object, so Defendant is entitled to those costs as well. Accordingly, all of the deposition transcripts are compensable.

## Conclusion

Based on the foregoing, the Court awards Defendant $5,170.73 in costs.

**IT IS SO ORDERED.**

Date: March 29, 2024        /s/ Greg Kays
                            GREG KAYS, JUDGE
                            UNITED STATES DISTRICT COURT

3

Case 5:22-cv-06005-DGK   Document 106   Filed 03/29/24   Page 3 of 3