IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JOSHUA NYAUNDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:22-cv-06005-DGK |
| | ) | |
| TRIUMPH FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This case arises out of Plaintiff Joshua Nyaundi's employment with Defendant Triumph Foods, LLC. Plaintiff alleges Triumph passed him over for a promotion, subjected him to a hostile work environment, and then fired him because of his race and national origin in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq*. ("MHRA") and federal law, 42 U.S.C. § 1981. On May 25, 2023, the Court granted Defendant's motion for summary judgment on all counts, ECF No. 62, and entered judgment in Defendant's favor, ECF No. 63.

Since the case closed over fifteen months ago, Plaintiff—who is now representing himself—has repeatedly filed motions requesting the Court vacate its judgment and allow him to relitigate his case in one way or another, but he has never appealed.[1] *See* ECF Nos. 66, 71, 75, 77, 79, 80, 82, 85, 94, 95. The Court has denied all of Plaintiff's motions to date. *See* ECF No. 99 (denying Plaintiff's most recent motions on February 1, 2024). Plaintiff has also filed countless other documents this year outlining his position and intent to file different appeals and complaints against Defendant, the attorneys in this case, and this Court. *See* ECF Nos. 102, 103, 104, 109, 113, 114, 115.

---

[1] After entering the Clerk's Judgment on May 25, 2023, the Court waited thirty days before granting Plaintiff's attorney's third motion to withdraw to give Plaintiff adequate time to file a notice of appeal while represented.

Now before the Court are five motions filed by Plaintiff pro se: (1) "Pro se Motion To Clarify Prior Court Order," ECF No. 100, in which Plaintiff requests the Court clarify its February 1, 2024, Order; (2) "Plaintiff's Pro Se Motion for Correction of Records," ECF No. 101, in which Plaintiff makes a variety statements/arguments, many of which are difficult to understand and some of which are vaguely threatening;[2] (3) "Plaintiff's Pro Se Evidentiary Hearing Motion to Recuse Honorable Judge Greg Kays," ECF No. 108, in which Plaintiff argues the undersigned should recuse for a variety of reasons; (4) "Emergency Request for Ex-Parte Communication," ECF No. 116, in which Plaintiff requests an emergency meeting with the Court to explain that his safety and the safety of his family are at risk for a variety of reasons (people have been following him, someone attempted to set his car on fire and plant drugs on him, etc.); and (5) "Motion to Withdraw Plaintiff's Ex-Parte Request," ECF No. 119, in which Plaintiff seeks to withdraw the prior motion.

The Court rules as follows with respect to each motion.

Plaintiff's motion for clarification is DENIED, as the Court's February 1, 2024, Order speaks for itself.

Plaintiff's motion for correction of records and motion for an evidentiary hearing on recusal are also DENIED. The allegations in these motions are baseless. *See, e.g.*, Order Denying Pl.'s Mot. to Vacate at 2–3, ECF No. 70. Moreover, the Court has repeatedly stated that this case is closed and will not be relitigated. As for Plaintiff's allegations that the Court is manipulating the docket, those concerns have already been addressed and laid to rest. *See, e.g.*,

---

[2] For instance, it states "I an [sic] humbled to wait for the law to take its course.(HE SAID BETTER GO TO JAIL OR DIE) it is even laughable . . . let [Defense attorney] give one crime NELSON MANDELA committed for spending 27 years in jail, other that fighting for the rights os [sic] south Africans, the reason that caused the death of MARTIN LUTHER KING, I wish that was part of the evidence the defendant presents for the case." Mot. at 5, ECF No. 101. Later it pleads, **"What Honorable Kays want from petitioner, the law is very clear, tell me Honorable Kays , what do you want?what do you want ? you want see my childrens dead into the graves then the law to be followed, what do you want??????????"** *Id.* at 6.

2

Case 5:22-cv-06005-DGK   Document 120   Filed 08/21/24   Page 2 of 4

Order Clarifying the Docket, ECF No. 112 (noting Plaintiff complicated the record by mailing motions to the Eighth Circuit Court of Appeals despite not having a pending appeal there).

As for Plaintiff's motion for an emergency ex-parte communication and the subsequent motion to withdraw this motion, the motion to withdraw is GRANTED, and so the motion for ex-parte communication is DENIED AS MOOT.

Finally, the Court notes that based on Plaintiff's most recent motions, Defendant asks the Court to use its inherent authority to sanction Plaintiff for his continued conduct. *See* Suggestions in Opp'n at 2, ECF No. 117. The Court will not do so at this point, but again warns Plaintiff that filing any more meritless motions in this case will likely result in (1) the imposition of sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority; or (2) restrictions on Plaintiff's filing privileges in this case. *See, e.g.*, *Carter v. Wasko*, No. 22-CV-04103-RAL, 2023 WL 4559498, at *7 (D.S.D. July 17, 2023) (explaining pro se plaintiffs are not insulated from Rule 11 sanctions); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991) (explaining inherent authority power).

So the record is clear, the Court emphasizes to Plaintiff that he has "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Such claims "consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *Id*. The Court therefore has discretion to "place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id*. at 1293. Further, "[d]efendants have a right to be free from harassing, abusive, and meritless litigation," *id*., and court staff likewise has a right to be free from harassment and abuse. Based on Plaintiff's

conduct in this case, if Plaintiff continues to file additional meritless motions, the Court will likely sanction him and/or restrict his filing privileges. *See, e.g.*, *Searcy v. Cent. Intel. Agency*, No. 21-CV-00530-DGK (W.D. Mo. Apr. 26, 2022) (restricting a pro se litigant's filing privileges).

**IT IS SO ORDERED.**

Date:  August 21, 2024                /s/ Greg Kays                
                                                        GREG KAYS, JUDGE
                                                        UNITED STATES DISTRICT COURT